```
 1  NICOLA T. HANNA
    United States Attorney
 2  CHRISTOPHER D. GRIGG
    Assistant United States Attorney
 3  Chief, National Security Division
    JOHN J. LULEJIAN (Cal. Bar No. 186783)
 4  Assistant United States Attorney
         1200 United States Courthouse
 5       312 North Spring Street
         Los Angeles, California 90012
 6       Telephone:  (213) 894-0721
         Facsimile:  (213) 894-0141
 7       E-mail:     John.Lulejian@usdoj.gov

 8  Attorneys for Plaintiff
    UNITED STATES OF AMERICA
```

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>TAHAWWUR HUSSAIN RANA,<br><br>   A Fugitive from the Government of the Republic of India. | No. 2:20-CV-07309-DSF (JC)<br><br>STIPULATION REGARDING PROTECTIVE ORDER AND [Proposed] ORDER THEREON |
|---|---|

Plaintiff, United States of America, by and through its counsel of record, the United States Attorney and Assistant United States Attorney John J. Lulejian, and relator TAHAWWUR HUSSAIN RANA ("RANA"), by and through his counsel of record, John D. Cline, Esq. and Patrick W. Blegen, Esq., hereby stipulate that this Court enter as a Protective Order the following terms and conditions which will govern the use of materials provided to RANA by the United States:

   1.   The Republic of India ("India") seeks RANA's extradition to stand trial for charges related to the November 2008 attacks in Mumbai, India.

2. RANA has informed the United States that he may seek to introduce materials provided as discovery and labeled "general discovery materials" and "sensitive discovery materials" in <u>United States v. Kashmiri</u>, NDIL Case No. 09 CR 830, in opposition of the United States' Request for Extradition. These discovery materials are subject to a protective order issued in the Northern District of Illinois.

3. Although the United States has no affirmative discovery obligations in extradition matters, in this case, it has agreed to provide RANA a document in its possession from an unrelated "state court" proceeding in India. India has requested that the United States take steps to limit public dissemination of this document.

4. Accordingly, the parties jointly request that the Court issue a Protective Order that mandates the following:

   a. For purposes of this Protective Order, the term "RANA" refers to TAHAWWUR HUSSAIN RANA. The term "RANA's Counsel" refers to John D. Cline, Esq. and Patrick W. Blegen, Esq., and persons employed by them working on the above-captioned matter. The term "Government" shall mean the United States Department of Justice, Office of International Affairs, United States Attorney's Office for the Central District of California, the United States Attorney's Office for the Northern District of Illinois, and staff working on behalf of the United States. The term "documents subject to this Protective Order" shall mean the "general discovery materials" and "sensitive discovery materials" produced to attorney Blegen in <u>United States v. Kashmiri</u>, NDIL Case No. 09 CR 830 and the document referred to in paragraph 3 above.

        b.   RANA's Counsel and the Government agree that they will be bound by the terms of this Protective Order.

        c.   RANA's Counsel shall only use documents subject to this Protective Order for opposing RANA's extradition in the United States District Court for the Central District of California and the United States Court of Appeals for the Ninth Circuit and not for any other purpose.

        d.   With the exception of RANA's Counsel, no third party shall be able to review and access documents subject to this Protective Order.  Except in filings with this Court, which must be filed under seal, as detailed below, neither RANA nor RANA's Counsel shall disclose the contents of documents subject to this Protective Order to any third party.  RANA's Counsel may discuss with RANA documents subject to this Protective Order and their contents, but shall not provide RANA with any documents.

        e.   In connection with filings in the above-captioned case, the filing party must ensure that any documents subject to this Protective Order are filed under seal.  The parties do not need to file a separate motion and proposed order to seal the filing, but must note in the caption that the filing is under seal pursuant to this Protective Order, pursuant to Local Civil Rule 79-5.2.1.  Further, the parties do not need to comply with the requirements of Local Civil Rule 79-5.2.2.

        f.   Within 30 days of the United States surrendering RANA to India or a lawful court's dismissal of the United States' Request for Extradition, RANA's Counsel, without any prompting, shall return (1) all copies of the materials provided as discovery and labeled "general discovery materials" and "sensitive discovery materials" in

1 <u>United States v. Kashmiri</u>, NDIL Case No. 09 CR 830, to the United
2 States Attorney's Office for the Northern District of Illinois; and
3 (2) all copies of the document identified in paragraph 3 above to the
4 United States Attorney's Office for the Central District of
5 California.  In addition, by the end of this time period, RANA's
6 Counsel shall certify to the Government that they have destroyed all
7 paper copies and all copies of said documents stored on any and all
8 electronic media within their custody and control, including backup
9 storage.
10          g.   The United States reserves the right to challenge
11 admissibility of any document offered by RANA in opposition to his
12 extradition.
13      5.   This Protective Order may be modified only through a
14 superseding order issued by this Court.
15      IT IS SO STIPULATED.

17 <u>December 9, 2020</u>      /s/ John J. Lulejian
   Date                 JOHN J. LULEJIAN
18                      Assistant United States Attorney
                        Attorney for Plaintiff
19                      UNITED STATES OF AMERICA

20 <u>December 9, 2020</u>      /s/ Patrick W. Blegen (authorized by e-mail)
   Date                 JOHN D. CLINE
21                      PATRICK W. BLEGEN
                        Attorneys for Relator
22                      TAHAWWUR HUSSAIN RANA

24     **IT IS SO ORDERED subjected to any further orders of the**
25 **Magistrate Judge or District Judge.**

27    <u>December 11, 2020</u>                  /s/
   Date                 HONORABLE JACQUELINE CHOOLJIAN
28                      UNITED STATES MAGISTRATE JUDGE